NOLA ARNDT, Respondent, *v.* EDWIN J. ALTMAN et al., Copartners under the Firm Name of M. B. ALTMAN SONS, Appellants.

First Department, October 30, 1942.

*Clarence J. Shearn* for appellants.

*Tobias A. Keppler, David C. Lewis* and *Sol Nathan* for respondent.

PER CURIAM. If mere form were controlling, statutes against usury would be substantially unenforcible, and it is the court's duty in each case to examine into the substance of the transaction and judge it by its real character and true intent and give effect to the statute. (*Hall* v. *Eagle Insurance Company,* 151 App. Div. 815, 826; *Quackenbos* v. *Sayer,* 62 N. Y. 344.) In this record, the credible evidence, read in the light of the surrounding circumstances, showed that the transactions between the parties in fact as opposed to mere form, in truth as opposed to pretense, essentially were extensions of time for the further redemption of the pledged jewelry; that the forbearance was secured at a grossly usurious rate of interest; and that the defendants failed to have the jewelry available for examination thereby making redemption by plaintiff impossible. The so-called second agreement is false on its face; the defeasance clause therein shows that appellants were not, as claimed, unconditional owners. That transaction was in reality another extension of the prior agreement giving plaintiff further time to redeem and was subject to the same taint.

The case was tried at Special Term before the court without a jury. Certain unnecessary comments of the court in its refusal of defendants' proposed findings of fact may be disregarded; but the court properly determined on the merits that the transaction was usurious and that determination should not be disturbed.

The judgment appealed from should be affirmed with costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur; UNTERMYER, J., dissents and votes to reverse and grant a new trial on the ground that the judgment is against the weight of the evidence and that the comments of the trial justice indicate that it is not the product of a judicial consideration of the facts.

Judgment affirmed.